UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:19-CR-51 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| JACKSON YARO YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government") and the

Defendant, JACKSON YARO YOUNG, and Defendant's attorney, enter into this Plea

Agreement.

## A.   CHARGES

1.   <u>Subject Offenses</u>.   Defendant will plead guilty to Counts 1, 2, 3, 4, 5,

and 6 of the Superseding Indictment. Counts 1, 5, and 6 charge Production of Child

Pornography, in violation of Title 18, United States Code, Section 2251(a). Count 2

charges Receipt of Child Pornography, in violation of Title 18, United States Code,

Section 2252(a)(2) and 2252(b)(1). Count 3 charges Possession of Child Pornography,

in violation of Title 18, United States Code, Section 2252(a)(4)(B) and 2252(b)(2).

Count 4 charges Transfer of Obscene Material, in violation of Title 18, United States

Code, Section 1470. Defendant also agrees to forfeiture of the electronic equipment

listed in the Superseding Indictment.

2.   <u>Charges Being Dismissed</u>.   If the Court accepts this Plea Agreement,

Counts 7, 8, and 9 of the Superseding Indictment will be dismissed at the time of

sentencing. The facts underlying those offenses will be included in the relevant

conduct.

3.   <u>No Further Prosecution</u>.   The Government agrees that Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation.   This paragraph and this Plea Agreement do not apply to (1) any criminal act occurring after the date of this agreement or (2) any crime of violence.

## B.   MAXIMUM PENALTIES

4.   <u>Maximum and Mandatory Minimum Punishment</u>.   Defendant understands that the crime to which Defendant is pleading guilty in Counts 1, 5, and 6 carries a mandatory minimum sentence of at least twenty-five (25) years in prison and a maximum sentence of up to fifty (50) years in prison. Count 2 carries a mandatory minimum sentence of at least fifteen (15) years in prison and a maximum sentence of up to forty (40) years in prison. Count 3 carries a sentence of at least ten (10) years in prison and a maximum sentence of up to twenty (20) years in prison. Count 4 carries a carries a sentence of not more than ten (10) years in prison. Each count also has a maximum fine of $250,000. Counts 1, 2, 3, 5, and 6 have a term of supervised release of at least five (5) years up to life. Count 4 has a term of supervised release of not more than 3 years. A mandatory special assessment of $100 per count also must be imposed by the sentencing court. Counts 1, 2, 3, 5, and 6 have enhanced sentenced based on Defendant having one prior qualifying conviction, to wit: Sex Abuse in the 3rd Degree in 2017, in Lee County, Iowa. No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum.

2

Defendant also understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(3), it shall impose an assessment of $5,000 per count. In addition, pursuant to 18 U.S.C. § 2259A, the Court shall assess not more than $50,000.

5.   <u>Supervised Release--Explained</u>.   Defendant understands that, during any period of supervised release or probation, Defendant will be under court supervision and will be required to comply with certain conditions.   If Defendant violates a condition of supervised release, Defendant could have Defendant's term of supervised release revoked and could be sentenced to serve in prison all or part of the term of supervised release authorized by statute, without any credit for time previously served, up to five years imprisonment.

6.   <u>Detention</u>.   Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

## C.   NATURE OF THE OFFENSE -- FACTUAL BASIS

7.   <u>Elements Understood</u>.   Defendant understands that to prove the offenses alleged under **Counts 1, 5, and 6 (Production of Child Pornography)**, the Government would be required to prove beyond a reasonable doubt the following elements:

> (a) at the time alleged in the superseding indictment, Minor Victim 1, Minor Victim 3, and Minor Victim 4 were under the age of eighteen years;

3

(b) the defendant knowingly employed, used, persuaded, induced, enticed, coerced, Minor Victim 1, Minor Victim 3, and Minor Victim 4 to engage in sexually explicit conduct;

(c) the defendant acted with the purpose of producing a visual depiction of such conduct; and

(d) the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular phone.

Defendant further understands that to prove the offense alleged under **Count 2**

**(Receipt of Child Pornography)**, the Government would be required to prove

beyond a reasonable doubt the following elements:

(a) the defendant knowingly received a visual depiction that had been shipped or transported in interstate or foreign commerce by any means including by computer;

(b) the production of that visual depiction involved the use of a minor engaging in sexually explicit conduct; and

(c) the visual depiction was of such conduct.

Defendant further understands that to prove the offense alleged under **Count 3**

**(Possession of Child Pornography)**, the Government would be required to prove

beyond a reasonable doubt the following elements:

(a) the defendant knowingly possessed one or more books, magazines, periodicals, films, videotapes, or other matters containing a visual depiction;

(b) such visual depiction was shipped or transported in interstate or foreign commerce by any means including computer; and

(c) the visual depiction involved the use of a minor engaging in sexually explicit conduct.

Defendant further understands that to prove the offense alleged under **Count 4 (Transfer of Obscene Material to a Minor)**, the Government would be required to prove beyond a reasonable doubt the following elements:

> (a) the defendant knowingly used the mail or any means or facility of interstate commerce to transfer obscene matter;

> (b) the defendant knew that he was transferring the matter to an individual less than 16 years old;

> (c) the defendant knew at the time of the transfer the general nature of the contents of the matter; and

> (d) the matter is obscene.

8.    <u>Factual Basis</u>.    As a factual basis for Defendant's plea of guilty, Defendant admits the following:

(a)    Young, while on probation for a sex offense, was confronted by his probation officer (PO) about having contact with a minor. The PO seized two cell phones from Young on March 28, 2019 which he possessed in violation of the sex offender registry requirements. A forensic review of Young's cell phones (LG cell phone and Motorola cell phone) revealed images and videos of child pornography as it relates to Minor Victim 3 and Minor Victim 4. On March 28, 2019, Young knowingly possessed one or more visual depiction that had been shipped or transported in interstate or foreign commerce by any means including by cell phone and the visual depiction involved the use of a minor engaged in sexually explicit conduct. (Count 3)

(b) Minor Victim 1, Minor Victim 3, and Minor Victim 4 were under 18 years old at the time. Young knowingly used, persuaded, coerced, and enticed Minor

Victim 1, Minor Victim 3, and Minor Victim 4 to engage in sexually explicit conduct. Young acted with the purpose of producing a visual depiction of such conduct and the visual depiction was produced using materials that had been mailed, shipped or transported across state lines or in foreign commerce by any means, including by use of a computer.

(c) A child pornography video of Minor Victim 1 was found on Young's cell phone. That video showed Minor Victim 1 disrobing and exposing her vagina. Minor Victim 1 confirmed that Young asked her to send such a video to him which she did on January 15, 2019. Young knowingly received this video that had been shipped or transported in interstate or foreign commerce by any means including by cell phone. The production of such video involved the use of a minor engaging in sexually explicit conduct and the image was of such conduct. (Counts 1 and 2)

(d) Several child pornography pictures of Minor Victim 3 were recovered off Young's cell phone. Minor Victim 3 said that she sent Young 4-5 pictures of her exposed vagina after Young begged her to produce such images. Minor Victim 3 sent these images to Young on December 20, 2018. (Count 5)

(e) Two child pornography pictures of Minor Victim 4 dated February 14, 2019 and February 17, 2019 were recovered off of Young's cell phone. Minor Victim 4 sent these pictures of her exposed vagina to Young at his request. (Count 6)

(f) On March 21, 2019, Young sent a picture of his erect penis to Minor Victim 2, who is under 16 years old, from his phone to her phone, therefore it was transferred in interstate commerce. Young knew he was transferring the picture to

a person under the age of 16, and at the time of the transfer, Young knew the contents of the picture and that picture was obscene. (Count 4)

(g) Some of all the activities listed above, occurred in Kalona, Iowa, in the Southern District of Iowa.

9. <u>Truthfulness of Factual Basis</u>.  Defendant acknowledges that the above statements are true.  Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney.  Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10. <u>Waiver of Rule 410 Rights</u>.  The Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Factual Basis or Attachment A, are admissible against the Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

11. <u>Venue</u>.  Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

D.   **SENTENCING**

12.   Acceptance of Responsibility.   The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility.   If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

13.   Presentence Report.   Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.   The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14.   Disclosure of Presentence Investigation Reports. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt

of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order

15.   <u>Evidence at Sentencing</u>.   The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.   Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16.   <u>Joint Sentencing Recommendation</u>. Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the Court should impose a sentence of twenty-five (25) years prison and will not advocate for a higher or lower sentence at the time of sentencing.   The parties agree that this sentence takes into account all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and circumstances of the offense, the history and characteristics of Defendant, and other pertinent factors. Should the Court decline to impose this recommended sentence, Defendant may withdraw Defendant's plea of guilty and the case will then be set for trial; likewise, if the Court declines to impose the recommended sentence, the Government also may withdraw from this Plea Agreement and the case will be set for trial.   In the event that the relevant advisory guidelines are amended and made retroactive under 18

9

U.S.C. § 3582(c)(2), Defendant waives any right to seek a sentencing reduction in exchange for this Rule 11(c)(1)(C) plea agreement.

E.   FINES, COSTS, FORFEITURE, AND RESTITUTION

17.   <u>Forfeiture</u>.   Defendant agrees to forfeiture of the property identified in the Superseding Indictment, including a Motorola and LG STYLO 4 cellular phone. Defendant will execute any documents as directed by the Government to complete the forfeiture.

18.   <u>Waivers Regarding Forfeiture</u>.   Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds.   Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement.   The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

19.   <u>Consent to Judgment of Forfeiture</u>.   Defendant agrees to waive all interest in asset subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.   Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice

of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

20.   Fines and Costs.   Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

21.   Special Assessment.   Defendant agrees to pay the mandatory special assessment of $600 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013. Defendant further understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(3), it shall impose an assessment of $5,000 per count. In addition, pursuant to 18 U.S.C. § 2259A, the Court shall assess not more than $50,000.

22.   Restitution.   Defendant agrees that the Court should impose an order of restitution for all relevant conduct in an amount to be determined by the Court; Defendant agrees that the Court shall order restitution for the full amount of each victim's losses, which is no less than $3,000 per victim; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments.   Any such payment plan does not preclude the Government from utilizing any collections

11

procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

23.   <u>Financial Statement</u>.   Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F.   LIMITED SCOPE OF AGREEMENT

24.   <u>Limited Scope of Agreement</u>.   This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.   Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

25.   <u>Agreement Limited to Southern District of Iowa</u>.   This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

26.   <u>Sex Offender Registry</u>.   Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendants release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will

be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life.   Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information.   Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information.   Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction.   As a condition of supervised release, Defendant shall initially register with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information.   Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## G.    WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

27.    <u>Trial Rights Explained</u>.   Defendant understands that this guilty plea waives the right to:

(a)    Continue to plead not guilty and require the Government to prove

the elements of the crime beyond a reasonable doubt;

(b)   A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c)   The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d)   Confront and cross-examine adverse witnesses;

(e)   Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f)   Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g)   If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

28.   <u>Waiver of Appeal and Post-Conviction Review</u>.   Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law.   Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255.   These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on

grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.   VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

29.   <u>Voluntariness of Plea</u>.   Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)   No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d)   Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

30.   <u>Consultation with Attorney</u>.   Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a)   Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b)   Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c)   Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

15

I.      GENERAL PROVISIONS

31.     <u>Entire Agreement</u>.  This Plea Agreement, and any attachments, is the entire agreement between the parties.  Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

32.     <u>Public Interest</u>.  The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

33.     <u>Execution/Effective Date</u>.  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

34.     <u>Consent to Proceed by Video Conferencing</u>. Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology.

J.      SIGNATURES

35.     <u>Defendant</u>.  I have read all of this Plea Agreement and have discussed it with my attorney.   I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will.   No promises have been made to me other than the promises in this Plea Agreement.   I have not been threatened in any way to get me to enter into this Plea Agreement.   I am

16

satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

8-9-20
Date

JACKSON YARO YOUNG

36.  <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

8-9-20
Date

Terry McAtee
101 W. 2nd Street
Davenport, IA 52801
Tel: 563-322-8931
Fax: 563-383-0052
Email: terry_mcatee@fd.org

37.  <u>United States</u>. The Government agrees to the terms of this Plea

Agreement.

Marc Krickbaum
United States Attorney

_____8/10/20_____         By:   _____
Date

Melisa K. Zaehringer
Assistant U.S. Attorney
U.S. Courthouse
131 E. 4th Street
Davenport, Iowa 52801
Tel: 563-449-5432
Fax: 563-449-5433
E-mail: melisa.zaehringer@usdoj.gov