IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NO. 3:19-cr-51 |
| Plaintiff, ) | |
| ) | DEFENDANT'S SENTENCING |
| vs. ) | MEMORANDUM |
| ) | |
| JACKSON YARO YOUNG, ) | |
| ) | |
| Defendant. ) | |

## Table of Contents

I.      INTRODUCTION..................................................................................................1

II.     SENTENCING PROCEDURE.............................................................................2

III.    18 U.S.C. § 3553(a) FACTORS............................................................................2

IV.     CONCLUSION......................................................................................................4

**I.    INTRODUCTION**

On August 8, 2020, Mr. Young pled guilty to three counts of Production of Child Pornography, and one count of Receipt of Child Pornography, Possession of Child Pornography and Transfer of Obscene Material.  Sentencing is scheduled for December 10, 2020.  In the presence report, Mr. Young's total offense level is 34.  (PSR, ¶ 72).  With a criminal history category of V, Mr. Young's advisory sentencing guideline range would normally be 235-293 months.  However, the mandatory minimum sentence is 300 months.  (PSR, ¶ 131).  Pursuant to Federal Rule of Criminal Procedure 11 (c)(1)(C), the parties have agreed that the appropriate sentence is 300 months.

## II. SENTENCING PROCEDURE.

The United States Supreme Court, in *United States v. Booker*, 125 S. Ct. 738(2005), held that the United States Sentencing Guidelines are advisory, as opposed to mandatory. *Id*. 125 S. Ct. at 757.

> "Thus, the sentencing court must first determine the appropriate guidelines sentencing range, since that range does remain an important factor to be considered in the imposition of a sentence...Once the applicable range is determined, the court should then decide if a traditional departure is appropriate under Part K and/or §4A1.3 of the Federal Sentencing Guidelines. Those considerations will result in a 'guidelines sentence.' Once the guidelines sentence is determined, the court shall then consider all other factors set forth in §3553(a) to determine whether to impose a sentence under the guidelines or a non-guidelines sentence."

*United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005).

## III. 18 U.S.C. § 3553(a) FACTORS.

18 U.S.C. § 3553(a) provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. Paragraph 2 refers to:

> "The need for the sentence imposed - A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant; and D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

The sentencing factors to be considered by the court include, the nature and circumstances of the offense and the history and characteristics of the defendant and the kinds of sentences available. 18 U.S.C. § 3553(a)(1). In addition to these sentencing factors, the court is permitted to entertain policy considerations pertinent to the relevant guideline section. *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). The court may vary outside of the guideline range based on a policy

disagreement with the underlying guideline section.  *Kimbrough v. United States*, 128 S .Ct. 558, 570 (2007).  The sentencing court "may not presume that the guidelines range is reasonable," but rather "must make an individualized assessment based on the facts presented to arrive at a sentence that is sufficient, but not greater than necessary."  *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

Mr. Young was born in 1998.  (PSR, ¶ 86).  His parents were married until Mr. Young was approximately two years of age.  *Id*.  After his parents divorced, Mr. Young lived with his mother until his freshman year of high school, then he resided with his father and step-mother.  (PSR, ¶ 87).  Some of the adults in Mr. Young's life abused alcohol.  (PSR, ¶¶ 87, 93, 94).  Further, Mr. Young and his sister suffered from emotional abuse.  (PSR, ¶ 88).

Mr. Young has an extensive mental health history.  (PSR, ¶ 103-108).  His initial diagnosis was at the age of four.  (PSR, ¶ 104).  He is currently on medication for depression.  (PSR, ¶ 107).  Mr. Young is interested in continuing with mental health treatment while he is in prison.  (PSR, ¶ 108).

Not surprisingly, given his difficult childhood and his mental health issues, Mr. Young began using drugs and alcohol at an early age.  (PSR, ¶ 110, 111).  He began using marijuana at the age of 18.  (PSR, ¶ 110).  He smoked marijuana every two days prior to his arrest in this case.  *Id.*  He first consumed alcohol at age 17.  (PSR, ¶ 111).  His use of alcohol continued until a few months before his arrest.  *Id*.  Mr. Young is interested in participating in future substance abuse treatment.  (PSR, ¶ 113).

In *United States v. Hendrickson*, 25 F.Supp. 3d 1166 (N.D. Iowa 2014), Judge Bennett reviewed scientific research on the nature of addiction, which demonstrated that drug addiction is

considered a brain disease because drugs physically change the brain. *Id*. at 1172. In deciding that addiction is a mitigating factor under 18 U.S.C. § 3553(a), Judge Bennett concluded, "[i]n sum, because addiction is a serious brain disease that diminishes one's capacity to evaluate decisions and regulate behavior, I consider addiction to be a generally and substantially mitigating factor under § 3553(a)(1), weighing in favor of a downward variance here. *Id*. at 1176. Judge Bennett found it particularly relevant that Mr. Hendrickson had been addicted to drugs through most of the years during which his adolescent brain was still physically developing. *Id*. at 1175.

Mr. Young graduated from high school in 2017. (PSR, ¶ 115). He also earned two college credits. (PSR, ¶ 116). His future educational goal is to obtain a bachelor's degree. (PSR, ¶ 117). Mr. Young also has a good work history. (PSR, ¶¶ 119, 120). His future employment goals are to work in mechanics, landscaping, or architecture. (PSR, ¶ 122).

Mr. Young has accepted responsibility for his actions in this matter. Further, he has not incurred any violations while in custody at the Muscatine County Jail. (PSR, ¶ 10). Mr. Young is interested in receiving mental health and substance abuse treatment and to further his education as well as to receive vocational training. He also has strong family support to assist him when he is release from prison.

## IV.   CONCLUSION

WHEREFORE, the defendant, Jackson Yaro Young, respectfully requests that the Court sentence him to a term of 300 months in prison.

FEDERAL DEFENDER'S OFFICE
CBI Bank & Trust Building
101 W. 2nd Street, Suite 401
Davenport, Iowa 52801-1815
TELEPHONE: (563) 322-8931
TELEFAX: (563) 383-0052
EMAIL: terry_mcatee@fd.org


By: /s/*Terence McAtee*
   **Terence McAtee**
   Assistant Federal Defender
   ATTORNEY FOR DEFENDANT

cc: Melisa Zaehringer, AUSA

CERTIFICATE OF SERVICE
I hereby certify that on December 4, 2020, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.
/s/