UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:19-cr-00051 |
| v. | ) | |
| | ) | SENTENCING MEMORANDUM |
| JACKSON YARO YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing currently set for December 10, 2020, at 11:30 a.m.

**TABLE OF CONTENTS**

I.   **BACKGROUND** ...................................................................................................................1
II.  **SENTENCING CALCULATION** ....................................................................................... 2
III. **GOVERNMENT'S RECOMMENDATION** ....................................................................... 2

I.   **BACKGROUND**

On June 11, 2019, a four-count Indictment was filed charging Jackson Yaro Young with Production of Child Pornography (Count One); Receiving Child Pornography (Count Two); Possession of Child Pornography (Count Three); and Transfer of Obscene Material (Count Four). (Final Presentence Report, hereinafter "PSR," ECF 81, ¶ 1.) On September 11, 2019, a nine-count Superseding Indictment was filed adding Production of Child Pornography (Count Six); and Commission of a Sex Offense by Registered Sex Offender (Counts Seven through Nine, respectively). (PSR ¶ 2.)  On January 16, 2020, the Government filed a Notice before the Court alleging the defendant was subject to enhanced penalties under Counts One through Three, Five, and Six of the Superseding Indictment, based on prior qualifying conviction. (PSR ¶ 3.)

1

On August 10, 2020, the defendant pled guilty to counts one through six of a nine-count Superseding Indictment. (PSR ¶ 4.) On August 27, 2020, the Court accepted the defendant's plea and adjudicated him guilty. *Id.*

Pursuant to the written plea agreement, the government agreed to dismiss Counts Seven, Eight and Nine at sentencing. (PSR ¶ 5.)  Pursuant to a written plea agreement, the government agreed to a three-level reduction for acceptance of responsibility. (PSR ¶ 6.)   Further the parties agreed that a sentence of 300 months was sufficient but not greater than necessary for this conduct. *Id.*

The government did not file an objection to the PSR. (ECF 74.) The defendant did not file an objection to the PSR. (ECF 78.)

## II.    SENTENCING CALCULATION

In the presentence report paragraphs 34-72 and 131, the defendant's guideline range was calculated as follows:

    Total Offense Level          34

    Criminal History Category     V

    Guideline Sentencing Range:     235 to 293 months, however, the mandatory

minimum for Counts 1, 5, and 6 is 300 months.

## III.    GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).  The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).  The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 34/Criminal History category V – 235-293 months.  However, the statutorily authorized minimum sentences are greater than the appliable guideline range; therefore, the guideline term of imprisonment is 300 months.

This is an aggravating case based on the number of victims and the past criminal history of this defendant. The youngest victims are twelve years old. He not only solicits victims in his hometown but also across the internet.  It is clear that Young is a predator seeking out young females to engage with sexually. His prior conviction in which he was on supervision for included him having sexual intercourse with a thirteen-year-old child. Young was prosecuted and put on probation for that offense. Despite that, he continued to obtain smartphones in violation of his probation on two occasions and then eventually engages in sexual conversation with four additional minors, seeking nude pictures. Young is a danger to the community and needs to be incarcerated for a significant amount of time. Clearly, the first conviction had no impact on his behavior. The Government asks the court to impose a 300-month term of imprisonment.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the final sentence of this defendant.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By: */s/ Melisa K. Zaehringer*
Melisa K. Zaehringer
Assistant United States Attorney
U.S. Courthouse
131 E. Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5426
Fax: (563) 449-5433
Email: melisa.zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2020, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:  __X__ ECF/Electronic filing
UNITED STATES ATTORNEY
By: */s/ Melisa K. Zaehringer*
    Assistant U.S. Attorney